E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 12-2113-GHK (AGRx) | Date | November 6, 2012 |
| Title | *Margarita Reyes v. American Express Company* | | |

**Presiding: The Honorable**  **GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

None                                                            None

**Proceedings:**     **(In Chambers) Order to Show Cause**

On March 19, 2012, Plaintiff Margarita Reyes ("Plaintiff") filed a *pro se* action against Defendant American Express Company ("Defendant").  Plaintiff was granted leave to proceed *in forma pauperis*.  On April 12, 2012, Defendant answered the Complaint.  On April 17, 2012, we issued our Order Setting Scheduling Conference ("OSSC"), in which we, among other things, directed the Parties to comply with certain requirements in advance of the scheduling conference.  On June 4, 2012, Defense counsel filed a declaration stating that Plaintiff had failed to respond to his various requests to meet and confer as required by our OSSC.  On July 25, 2012, we required Plaintiff to show cause why this action should not be dismissed for her failure to diligently prosecute this action.

On August 8, 2012, Plaintiff requested that Arshak Bartoumian be substituted as her attorney. Defendant objected to the substitution, on the ground that "[a]llowing Bartoumian to substitute into this case will only . . . waste . . . the court's time and resources."  (Dkt. No. 17, at 4).  In particular, Defendant alleges that "Bartoumian has filed more than hundreds of actions in the Central District," and has been "required to pay sanctions in several cases." (Dkt. No. 17, at 3).  Defendant further notes that "Bartoumian has had a history of non-compliance with court[] orders and hearing appearances." (*Id.*) In support of this allegation, Defendant referred us to an order in *Minasyan v. Creditors Financial Group, LLC*, CV12-1864-ODW (FMOx), in which Judge Wright observed that Bartoumian had an "apparent proclivity for disregarding the necessity of personal appearances at hearings in this District." (Dkt. No. 56, at 1).

On August 15, 2012, we granted the request for substitution over Defendant's objection.  As we explained in our August 16, 2012 Order resetting the Scheduling Conference, this action presents an inappropriate venue for us to adjudicate Bartoumian's alleged prior conduct.  Moreover, we found that summary disqualification was not appropriate based on these allegations.  However, we warned counsel that "failure to comply fully and strictly with our Orders may lead to the imposition of appropriate sanctions." (Dkt. No. 21, at 2).  In that Order, we required counsel to conduct the Parties' Rule 26(f) planning meeting by September 20, 2012 and to file a joint Report of Parties by October 8, 2012.  On September 24, 2012, Bartoumian, on behalf of Plaintiff, filed a unilateral Report in violation of our

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2113-GHK (AGRx) | Date | November 6, 2012 |
|---|---|---|---|
| Title | *Margarita Reyes v. American Express Company* | | |

August 16, 2012 Order.  On September 25, 2012, Defendant filed a Report that included a signature from Bartoumian but contained no substantive input from Plaintiff.  Defendant explained that in an effort to comply with our August 16, 2012 order, it had sent a meet and confer letter – along with an ADR form and the proposed Joint Report – to Bartoumian on August 17, 2012; after not hearing from Bartoumian for several weeks, Defendant followed up with a second meet and confer letter on September 6, 2012.  (Mahdavi Decl. ¶¶ 5-7).  Defendant asserts that on September 18, 2012, it received the ADR form and the proposed Joint Report sent to Bartoumian, who signed the ADR form and the "Joint" Report but did not add any substantive content to the Report.  (*Id.* ¶ 7).  It is apparent based on the Parties' filings that Bartoumian not only failed to file a Joint Report as required by our Order, but also ignored our Order requiring the Parties to conduct a Rule 26(f) planning meeting.

      We are highly troubled by Bartoumian's apparent disregard of our Order.  Accordingly, Plaintiff is **hereby ORDERED TO SHOW CAUSE**, within **seven (7) days hereof**, in writing, why this action should not be dismissed for her failure to diligently prosecute this action and for her violation of our Order.  Plaintiff's failure to timely and adequately show cause will result in the dismissal of this action.

      **IT IS SO ORDERED.**

      -- : --

Initials of Deputy Clerk    Bea